## IN THE MATTER OF FERNANDO WOOD AND OTHERS TO VACATE AN ASSESSMENT.

*Assessment — joint petition of separate owners to vacate it — when the petitioners should not be allowed to amend, so as to file separate petitions.*

In December, 1873, thirty-seven persons served upon the corporation counsel of the city of New York a joint petition in a proceeding to vacate assessments for the cost of building a sewer, imposed on lots owned by them in severalty. In September, 1880, an amended petition was served. No other action was taken until August, 1883, when the petitioners moved to be allowed to serve separate petitions to vacate or reduce the assessment on their respective lots. It appeared that the petitioners had already paid the assessment. It was claimed that the Court of Appeals had recently decided that the assessment was illegal to the extent of twenty-nine and seven-tenths per cent, and also that a petitioner might have an order vacating or reducing an assessment, although he had paid it pending the proceedings to vacate it.

*Held,* that the application to be allowed to serve separate petitions should have been denied.

'APPEAL by the city of New York from an order made at a Special Term, granting leave to each of the petitioners herein to file a separate petition for the vacation or reduction of the assessment referred to in a joint petition theretofore filed by them.

*Albert L. Cole,* for the city of New York, appellant.

*P. A. Hargous,* for the respondents.

DAVIS, P. J.:

In December, 1873, Fernando Wood and a large number of other persons, thirty-seven in all, served on the corporation counsel their

joint petition to vacate assessments on separate lots of land owned in severalty by them, for an outlet sewer in Sixty-sixth street and several branches thereof in other streets, for reasons assigned in the petition. No further step was taken on said petition till September, 1880, when an amended petition was served, upon which no action has ever been taken.

In August last, notice of a motion was given for an order allowing the several petitioners mentioned in said petition to serve *separate petitions* to vacate or reduce the assessments on their respective lots as mentioned in said joint petition. This motion was opposed by the corporation counsel, but granted by the court, and from the order granting the same this appeal is taken.

It appears in the affidavits that when the joint petition was filed it was done with the authority and consent of the then corporation counsel, who then tolerated that course of practice; and an assistant, then in the office, says that that system was approved and continued in vogue until he left the office of the corporation counsel on the 1st of July, 1874. It appears, also, that subsequently to the service of the petition the assessments on the lots of the several petitioners were paid, and the affidavit of the attorney for the petitioners states that it has been lately decided by the Court of Appeals, in the case of the Metropolitan Gas-Light Company, that the said assessment is illegal to the extent of twenty-nine and seven-tenth per cent; and that it has also been lately decided that a petitioner may, notwithstanding the fact of payment pending the proceeding to vacate, have an order vacating or reducing his assessment.

It is manifest, we think, upon the face of the papers that this proceeding, which was commenced ten years before this motion was made, was intended to be abandoned by the petitioners; that they came in and paid the assessments and took no proceedings to bring their petition to a trial or hearing; but allowed the same to become stale until the decision of the Court of Appeals, some ten years after the commencement of this proceeding, held that a portion of the assessment was not valid. When payment was made of the assessment it was supposed to be the law that such payment ended proceedings to vacate; and the courts so held until the recent decision of the court of last resort above referred to. The payments in this case were doubtless made with the understanding and intent

that that ended the proceedings. Now, after so great a lapse of time, and after the two decisions which change the views of the law doubtless entertained at the time the payment of the assessments was made, it is sought, not to revive or try the proceedings commenced and pending on the petition, but to get an order which will allow each of the several petitioners to file a petition for himself, affecting only his separate interests in such form as will be deemed a severance of the original proceeding, and a continuance of the same by authorizing thirty-seven new proceedings in lieu of the one actually commenced, to be treated as though filed and served of the date of the original proceeding; and such an order has been granted. No one objects to the petitioners proceeding on the original petition to establish such rights as they may have under that; but it is insisted that the court has no authority to allow by order such a severance and the filing of separate proceedings relating back to the time when the original petition was filed; and that if such power exists, the order is not a provident exercise of it under the circumstances of this case.

We are of opinion that the order ought not to have been made. The circumstances are not such as to entitle the petitioners to such special favor and protection. Their delay of ten years without bringing the petitions to a hearing; their payment in the meantime of the assessments, and their entering upon the use and enjoyment of the sewers, doubtless ever since their completion, afford strong evidence of an intent to abandon and not prosecute the petition.

After all this period of time, the fact that new rules of law are developed by the decisions referred to ought not to entitle them to anything more than what they can obtain by going on with the pending proceedings. The court ought not to allow the filing of thirty-seven new petitions by the several original petitioners as of a date ten years ago, and thus deprive the city of defenses that have since arisen, and which can be interposed to new proceedings. The proceeding by petition in these cases is a special one created by statute, and to be specially pursued, and we very strongly doubt whether the judge or court before whom it is instituted can exercise such a power as is here sought; but at all events, if the power exists, it ought to be used with care, and on such terms as will cause such *laches* as are shown in this case not to result in placing the city in

any worse position than it was when the new rulings of the courts exposed it to liabilities thought not before to exist. The effect of this order is simply to create a device by which parties who have been grossly negligent can, by reason of their very negligence, be placed in a position far better than they enjoyed before. It is enough that they may be allowed to go on and enjoy whatever rights they have under their pending petitions without allowing the commencement of thirty-seven separate proceedings, subjecting the city to the costs and expenses of thirty-seven new litigations under cover of a single old one, for the purpose of keeping out defenses which may have grown up out of their own delay.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied.

DANIELS, J.:

I am satisfied that the direction given is correct. If each petitioner should now present a petition for his own individual case, it would not be an amendment of the original, but a new proceeding. And payment before its presentation would be a complete answer on the part of the city. I agree, therefore, to the disposition suggested on this ground and those stated in the opinion.

BRADY, J., concurred.

Order reversed, with ten dollars costs and disbursements.